On this bill to foreclose a mortgage, the master, to whom it was referred, reported a junior judgment, upon which execution issued and levy was made, to be a superior lien on lands to a senior judgment upon which three days later an execution issued which was speedily executed by a sale of the lands. *Page 180 
The senior judgment creditor contends that although he had lost his priority to the junior judgment creditor, he had again recovered it by promptly following through his execution to a sale. The point is settled against him in Lippincott v. Smith,69 N.J. Eq. 787. There it was held by our court of errors and appeals that priority of execution and levy "reverses the priority of the encumbrances [of judgments] no matter in what mode the land may be sold."
The further argument is that the junior judgment creditor lost his priority of execution because he stayed the execution of the writ in the sheriff's hands to the delay and in fraud of the senior judgment creditor's later execution, and that the decision in Cook v. Wood, 16 N.J. Law 254, obtains. In that case the sheriff was ordered not to execute the writs, and the court treated the executions as not delivered and their operation as suspended, while here nothing was said or done to contravene the mandate of the court. This foreclosure suit intervened and the creditor awaited sale under it. The contention that the failure forthwith to put the sheriff in funds to secure his sales fees was equivalent to a direction not to execute the writ is without merit. Section 62 of the Sheriff's act (Comp. Stat p. 4856) makes sheriffs responsible to counties for all fees and costs of executing writs, and enables them to exact prepayment for their personal protection. The practice has grown up to advance the fees as a prerequisite to a sale, but failure to follow the practice, without more, does not spell a direction not to execute the mandate to the hinderance and fraud of later execution creditors.
The master's report will be confirmed and exception overruled. *Page 181